IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES FERNANDO TOWNES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 06-CV-256-TCK-FHM |
| | ) |
| DAVID M. WICKS, Tulsa City Police Officer; | ) |
| TRAVIS LUDWIG, Tulsa City Police Officer, | ) |
| | ) |
| Defendants. | ) |

## ORDER

This is a 42 U.S.C. § 1983 civil rights action commenced by Plaintiff, a state prisoner appearing *pre se*. By Order filed May 22, 2006 (Dkt. # 3), the Court granted Plaintiff's motion to proceed *in forma pauperis* and directed Plaintiff to file a response addressing the issues of *res judicata* and the two-year statute of limitations applicable to civil rights actions. On June 16, 2006, Plaintiff filed a motion to amend and response to Order (Dkt. # 4). Upon review of Plaintiff's response and his complaint, the Court finds this action is barred by the two (2) statute of limitations. The complaint shall be dismissed with prejudice. Plaintiff's motion to amend shall be declared moot.

### *BACKGROUND*

In his complaint, Plaintiff alleges that Defendants Wicks and Ludwig violated his constitutional rights by arresting him after a traffic stop on June 3, 1998, without probable cause. See Dkt. # 1. According to Plaintiff, he was charged in Tulsa County District Court with Driving Under Suspension and Possession of a Controlled Dangerous Substance. Plaintiff claims that Tulsa County District Judge Tom Gillert sustained Plaintiff's motion to suppress and dismissed the charges based on lack of probable cause. See Dkt. # 1, attached statement of supporting facts. In his request for relief, Plaintiff asks for "actual punitive damages of $1.5 million." See Dkt. # 1. In the section

of his complaint titled "Previous Lawsuits and Administrative Relief," Plaintiff indicates that on December 18, 2000, he filed a civil action in Tulsa County District Court, Case No. CJ-2000-6048, against Defendants Wicks and Ludwig, the same defendants named in the instant action. See id. He indicates that his appeal in that case was dismissed on November 10, 2005, because he failed to file a notice of completion of record. Id.

The Court has reviewed the docket sheet for Tulsa County District Court, Case No. CJ-2000-6048, available at www.oscn.net. The docket sheet confirms that Plaintiff filed a civil action against the Defendants Wicks and Ludwig on December 18, 2000. By order filed July 24, 2003, the state district court granted Defendants' motion for summary judgment and entered judgment against Plaintiff. Plaintiff appealed, but the appeal, assigned No. DF-99812 in the Supreme Court of Oklahoma, was dismissed on November 10, 2005, based on Plaintiff's failure to file a notice of completion of record.

## *ANALYSIS*

In the Order filed May 22, 2006 (Dkt. # 3), the Court expressed concern that the instant action may be barred by *res judicata* due to Plaintiff's litigation of his claim of malicious prosecution against these same defendants in Tulsa County District Court, Case No. CJ-2000-6048. In response, Plaintiff argues that he should be allowed to proceed with this action because "the issues raised in the instant complaint did not proceed to a final judgment on the merits in the prior action and, for that reason, should not be barred by *res judicata*." See Dkt. # 4. In support of his argument, Plaintiff cites to alleged conflicts in the testimony given by Defendant Wicks and also asserts that when the state district court bound him over for trial in Case No. CF-98-3833, "plaintiff did not have a full opportunity for a hearing because the court was misled by the defendant's

2

misrepresentation and false testimony to the prosecuting authorities." Id. In direct contrast to Plaintiff's allegation, the docket sheet for Tulsa County District Court, Case No. CJ-2000-6048, indicates that by order filed July 24, 2003, the state district court granted defendant's motion for summary judgment and entered judgment against Plaintiff. Thus, it appears that Plaintiff's claim against these same Defendants filed in state court did proceed to a final judgment on the merits. Obviously, Plaintiff disagrees with the outcome of his state civil action. But his dissatisfaction with the outcome does not entitle him to relitigate the same claim in federal court. It appears to the Court that Plaintiff's claim of malicious prosecution is barred by *res judicata*. See King v. Union Oil Co., 117 F.3d 443, 445 (10th Cir. 1997) ("Res judicata, or claim preclusion, precludes a party . . . from relitigating issues that were or could have been raised in an earlier action, provided that the earlier action proceeded to a final judgment on the merits.").

However, because critical pleadings from Plaintiff's state court action are not a part of the record for this action, specifically, Plaintiff's state court petition and the state district court's order granting defendants' motion for summary judgment, the Court is unable to make a definitive ruling on the issue of *res judicata*. Nonetheless, even if this matter is not barred by *res judicata*, the Court finds Plaintiff's claim is clearly time-barred. As explained in the prior Order (Dkt. # 3), no statute of limitations is expressly provided for claims under 42 U.S.C. § 1983. However, the Supreme Court has held that courts must look to state law for the appropriate period of limitations in § 1983 cases. Wilson v. Garcia, 471 U.S. 261, 266-67 (1985). The Tenth Circuit Court of Appeals has stated that the appropriate period of limitations for § 1983 actions brought in the State of Oklahoma is two years, pursuant to Okla. Stat. Ann. tit. 12, § 95(3). Meade v. Grubbs, 841 F.2d 1512, 1522-24 (10th Cir. 1988). While state law governs limitations and tolling issues, federal law determines the

accrual of § 1983 claims. Fratus v. Deland, 49 F.3d 673, 675 (10th Cir. 1995); Baker v. Board of Regents, 991 F.2d 628, 632 (10th Cir.1993). A civil rights action accrues when "facts that would support a cause of action are or should be apparent." Fratus, 49 F.3d at 675 (citation omitted); see also Johnson v. Johnson County Comm'n Bd., 925 F.2d 1299, 1301 (10th Cir.1991). Thus, a civil rights action must be filed in this Court within two years of the date when facts that would support a cause of action are or should be apparent.

The Court finds that this action is barred by the two-year statute of limitations. Plaintiff filed his complaint on May 15, 2006. Therefore, any claim arising prior to May 15, 2004, may be time-barred. According to Plaintiff, the events related to his arrest occurred on June 3, 1998. Charges against Plaintiff were filed in Tulsa County District Court, Case No. CF-1998-3833, and were dismissed by Judge Gillert on June 22, 2000. See Dkt. # 4, Ex. A. Those dates are well before May 15, 2004. In his response to the Court's prior Order, Plaintiff argues that his limitations period was suspended during the pendency of his civil action filed in Tulsa County District Court, Case No. CJ-2000-6048, and that, by his calculations, he had until June 22, 2006, to file a timely civil rights action in this Court. The Court rejects Plaintiff's argument. The pendency of the state court civil action did not suspend the running of the limitations clock applicable to Plaintiff's federal civil rights claim. Plaintiff's § 1983 action "does not enjoy the same tolling of time limitations as a habeas petition because, unlike the requirements for a habeas petition, 'exhaustion of state [court] remedies is [generally] not a prerequisite to an action under § 1983, even an action by a state prisoner.'" Smith v. Ortiz, No. 05-1211, 2006 WL 620871, at *4 (10th Cir. Mar. 14, 2006) (quoting Heck v. Humphrey, 512 U.S. 477, 480 (1994)) (unpublished decision cited as persuasive authority pursuant to Tenth Circuit Rule 36.3.). Plaintiff's two (2) year limitations period began to run on his

4

malicious prosecution claim when the state criminal charges filed against Plaintiff were dismissed on June 22, 2000. He had two (2) years from that date, or until June 22, 2002, to file a federal civil rights action based on the events related to charges filed in CF-1998-3833. The complaint in this case was filed on May 15, 2006, or almost four (4) years beyond the deadline. Therefore, the Court finds that this action shall be dismissed with prejudice as barred by the two-year statute of limitations. Plaintiff's motion to amend his complaint shall be declared moot.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The complaint (Dkt. # 1) is **dismissed with prejudice** as barred by the two (2) year statute of limitations.
2. Plaintiff's motion to amend complaint (Dkt # 4) is **declared moot**.
3. Plaintiff remains obligated to continue making monthly payments until he has paid in full the $350 filing fee. Plaintiff's current balance due is $346.50. The Clerk shall send a copy of this Order to prison officials at Dick Conner Correctional Center, Hominy, OK.
4. A separate judgment shall be entered in favor of Defendants.

DATED THIS 9th day of November, 2006.

_Terence Kern_
TERENCE KERN
UNITED STATES DISTRICT JUDGE